UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RUPERTO LINDSAY,

            Petitioner,

  -against-

WARDEN JAMES J. WALSH,

           Respondent.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

CV-07-0831 (BMC)

**COGAN**, District Judge:

By Order dated March 5, 2007, the Court directed petitioner, appearing *pro se*, to show cause why the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred. Day v. McDonough, 547 U.S. 198, 126 S. Ct. 1675, 1684 (2006) (petitioner is entitled to notice and an opportunity to be heard before the Court dismisses a petition as time-barred); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). On May 29, 2007, petitioner filed an affirmation. For the reasons set forth below, the petition for a writ of habeas corpus is dismissed.

Background

Petitioner alleges that he was convicted in Kings County on May 22, 1985 and sentenced on June 12, 1985. Petition ¶ 2. The Appellate Division, Second Department, affirmed his conviction on June 8, 1987, People v. Lindsay, 131 A.D.2d 594, 516 N.Y.S.2d 610 (2d Dep't 1987), and the New York State Court of Appeals denied him leave to appeal on October 20, 1987. People v. Lindsay, 70 N.Y.2d 801 (1987). Petitioner's conviction became final on January 18, 1988, upon expiration of the 90-day period for seeking a writ of certiorari. Lawrence v. Florida, 549 U.S. —, 127 S.Ct. 1079, 1084-85 (2007); Williams v. Artuz, 237 F.3d 147, 150-

51 (2d Cir. 2001).

## One-Year Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") signed into law on April 24, 1996, provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). See also Lindh v. Murphy, 521 U.S. 320, 327 (1997) (§ 2244 applies "to the general run of habeas cases ... when those cases had been filed after the date of the [AEDPA]."); Ross v. Artuz, 150 F.3d 97 (2d Cir. 1998).

Because petitioner's conviction became final before the effective date of the AEDPA, or April 24, 1996, he was entitled to a one-year grace period, or until April 24, 1997, in which to file a habeas petition. Carey v. Saffold, 536 U.S. 214, 217 (2002); Ross, 150 F.3d at 103. Petitioner filed the instant petition on February 11, 2007, almost ten years after the expiration of

the grace period. The Court, therefore, directed petitioner to show cause why the petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1) and rejected petitioner's argument that his delay in filing was related to his difficulty in obtaining documents from the state courts. See Petition ¶ 18; Lindsay, No. CV 07-0837, slip op. at 4-5 (E.D.N.Y. Mar. 5, 2007).

Petitioner's Affirmation

In response to the Court's Order, petitioner argues that the instant petition should not be dismissed as time-barred because: "1) Petitioner do not have the financial means to hire a legal representative, i.e., a lawyer, 2) Petitioner is a layman in the field of law and cannot be held to the same standards as a professional lawyer, 3) The added burden of a one year period of limitation under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 4) The fact that English is petitioner's second language is also a barrier contributing to the above numbers 1, 2, and 3." Petitioner's Affirmation at 1-2. The remainder of the affirmation sets forth the legal standards for considering the merits of petitioner's grounds and sets forth the post-conviction motions petitioner filed in state court. Petitioner's Affirmation at 3-17.

Statutory Tolling

As set forth in the Court's March 5, 2007 Order, § 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, § 2244(d)(2) does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) applies *only if* a post-conviction motion was pending within the one-year grace period and merely excludes the time the motion was under submission from the calculation of the one-year period of limitation.

3

Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000). Here, petitioner does not provide any new information which would entitle him to statutory tolling since the post-conviction motions he filed were not pending during the one year grace period, but rather were filed in 2005 well after the grace period had expired. Petitioner's Affirmation at 7-8.

Equitable Tolling

However, the limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Lawrence v. Florida, 127 S.Ct. at 1085 (assuming without deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted).

Here, petitioner does not allege any facts to show that he is entitled to equitable tolling. Petitioner's arguments for equitable tolling – that he could not hire a lawyer, that he was ignorant of the law, that the one year limitation posed a burden and that English is not his first language – are not "extraordinary" circumstances, and therefore do not justify equitable tolling of the limitation period. See Smith, 208 F.3d at 18 (*pro se* status does not establish sufficient ground for equitable tolling); Worsham v. West, 05 Civ. 530, 2006 WL 2462626, at *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not qualify as an extraordinary circumstance"); Doyle v. Yelich, No. CV-05-2750, 2005 WL 2475727, at *2 (E.D.N.Y. Oct. 7, 2005) (a petitioner's *pro se* status and ignorance of the law do not warrant equitable tolling); Ayala v. Fischer, 04 Civ. 3404, 2004 WL 2435523, at *1 (S.D.N.Y. Nov. 2, 2004) ("Ignorance of the law

4

and an inability to read or write do not constitute extraordinary circumstances that would justify equitable tolling."); Williams v. Breslin, 03 Civ. 1848, 2004 WL 2368011, at *6 (S.D.N.Y. Oct. 20, 2004) (same); Francis v. Miller, 198 F.Supp.2d 232, 235 (E.D.N.Y. 2002) (holding that ignorance of law and legal procedure is not so exceptional as to merit equitable tolling); Stokes v. Miller, 216 F.Supp.2d 169, 172-73 (S.D.N.Y. 2000) (insufficiency of legal assistance, lack of education, and inability to receive meaningful assistance from prison library staff do not constitute "extraordinary" circumstances warranting equitable tolling); Armand v. Strack, No. CV-98-6650, 1999 WL 167720, at *5 (E.D.N.Y. Feb. 19, 1999) (lack of access to law clerks, illiteracy, lack of English fluency and ignorance of the law have all been considered and rejected by the courts as insufficient to demonstrate exceptional circumstances).

The fact that petitioner had previously filed a petition for a writ of habeas corpus in federal court in December 1990 which he withdrew in April 1991, see Lindsay v. Scully, No. CV-90-4239 (RR) (E.D.N.Y. Apr. 1, 1991), does not render the instant petition timely filed. Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (the filing of a petition for a writ of habeas corpus in federal court does not toll the limitation period). After withdrawing the first petition in April 1991, Lindsay did not return to state court to challenge his conviction until July 1993, presumably because he had difficulty in obtaining necessary documents. As previously set forth, petitioner's difficulties in obtaining state court documents is insufficient to warrant equitable tolling. See Lindsay, No. CV-07-0837, slip op. at 4-5; see also Lewis v. Walsh, No. 03 Civ. 1932, 2003 WL 21729840, at *2 (S.D.N.Y. Jul. 25, 2003) ("Failure to obtain legal documents from one's state trial does not equitable toll the statutory period."). In any event, petitioner has failed to show that he acted with reasonable diligence during the time he became aware of a basis

to challenge his conviction in federal court. Smith, 208 F.3d at 17; see also Lawrence, 127 S.Ct. at 1085. The Court, therefore, concludes that petitioner has not alleged facts sufficient to warrant equitable tolling.

Conclusion

Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby dismissed as time-barred. 28 U.S.C. § 2244(d)(1).

As this petition present no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The Court certifies that pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Brian M. Cogan, USDJ

U.S.D.J.

Dated: Brooklyn, New York
June 11, 2007